UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Case No.:1:18-CV-07543 NRB

ANAS OSAMA IBRAHIM ABDIN

                             Plaintiff,

                      -against-

CBS BROADCASTING, INC and/or CBS CORP.      AMENDED
NETFLIX, INC.                                         VERIFIED COMPLAINT
                                                           JURY TRIAL DEMANDED
                            Defendants.
-------------------------------------------------------------------X

       Plaintiff, ANAS OSAMA IBRAHIM ABDIN, through his attorneys, JOHN JOHNSON, Esq. and ALLAN CHAN, Esq. complaining of the defendants, CBS Broadcasting, Inc. and/or Netflix, Inc., upon information and belief sets forth and alleges as follows:

## NATURE OF CLAIMS

       1. Plaintiff commences the instant action seeking a preliminary and/or permanent injunction due to defendants' infringement of plaintiffs duly copyrighted and originally detailed in a manuscript published in or about February 2015, along with a series of videos also originally published in February 2015. Plaintiff's final compellation of works was published in 2017. Plaintiff holds a copyright in said works. Additionally, plaintiff being a resident of Kuwait plaintiff received copyright protection in said works via the Berne Convention and/or Universal Copyright Convention.

       2. Additionally, plaintiff seeks damages arising from the defendant's infringement of plaintiff's copyrighted works as well as, other damages a delineated herein. The defendants are all active participants in the writing, production, broadcasting and/or international live streaming of a derivative work substantially similar to plaintiff's copyrighted work. The defendants incorporated plaintiff's copyrighted material in their work entitled "STAR TREK DISCOVERY" which was first broadcast by the defendants on September 24, 2017 (the "infringing work").

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C.§ 1331, 1338 and 1367(a) as they arise under the Copyright Act, 17 U.S.C.§ 101 et seq. (the "Act") and pursuant to the principals of Supplemental Jurisdiction

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) in that the defendants operate corporate headquarters within the jurisdiction of the Southern District of New York. Said headquarters are principal places of business for the defendants.

## THE PARTIES

1. Plaintiff, Anas Osama Ibrahim Abdin (hereinafter "Abdin") is a citizen of the Republic of Egypt and a resident of the State of Kuwait having an address of P.O. Box 5969 Safat 13060, Kuwait.

2. Defendant CBS Broadcasting, Inc., (hereinafter "CBS") is a United States corporation with a principal place of business at 51 West 52nd Street, New York N.Y. and is the executive producer of the infringing work, and responsible for the broadcast and/or streaming of the infringing work. At all relevant times CBS transacted and conducted business within the State of New York.

3. Defendant Netflix, Inc., (hereinafter "Netflix") Purportedly licensed the infringing work and struck a deal with CBS to air the infringing work internationally, while CBS maintained all rights to stream or broadcast in the U.S. Netflix operates corporate offices within the State of New York at 245 West 17th Street New York, NY and continues to make the infringing work available internationally.

1. Between May of 2014 and February of 2015, Plaintiff completed and published several forum articles and videos for a science fiction manuscript for an upcoming video game. While some of the content in these articles was factual, some portions of the article were changed or embellished by Plaintiff. Plaintiff published these articles in Adventure Game Studio Forums, Anas-tronaut Blog and Reddit between May of 2014 and February of 2015 ("the Original Work").

2. Plaintiff is the sole and lawful proprietor of all rights, title and interest in and to the copyrighted Original Work.

    a. The substantial, salient and original aspects of the Original Work, copyrightable under the Act and the laws of the United States, are as follows: The Original Work centers around a novel science fiction story revolving around space travel facilitated by a fictitious larva- like creature with eight appendages, a multitude of teeth, sized larger than a human being, depicted with a blue hue, labeled a "Tardigrade".

    b. The Original Work also concentrates on a gay relationship between two homosexual male main characters, between an albino male with a dark complexion male with side burns, mustache, and beard.

    c. The Original Work also concentrates on a main character whom is accused of treason.

    d. The Original Work also concentrates on a main character whom is a space botanist.

    e. The Original Work features fictional character named Aziz, a darker complexion male with black hair and a short- boxed beard, facial hair consisting of trimmed sideburns, mustache and a goatee.

    f. The Original Work features fictional character named Carter, who is a blonde white male, who is a space botanist.

3

       The Original Work features fictional character named Yolanda, a female of African descent with messy curly hair.

    h. The Original Work features fictional character named Natasha, a white female with orange curly hair.

    i. The Original Work features Egyptian cultural influence and elements.

    j. The Original Work features a scene of the tardigrade traveling through space unaided by any external technologies.

    k. The Original Work features a scene with imagery of a main character being surrounded by a glowing blue light with scattered light particles.

    l. The Original Work features a main character being absorbed into the tardigrade, becoming one with the tardigrade, and having its powers.

    m. The Original Work features physical details and functionality of tardigrades that have not been published by anyone else.

3. In May of 2014 through February of 2015, Plaintiff published the Original Work through Adventure Game Studio Forums.

4. The Original Work was published on the internet consisting of United States and other countries with at least a quarter of million views.

5. There are fictional characters, aesthetics and re-worked narratives that are unique to the Original Work that appear in the Infringing Work.

6. Rather than contact Plaintiff, Defendants, while fully aware of Plaintiff's copyright in the Original Work, willfully and improperly developed, produced, filmed and released the Infringing Work derived from Plaintiffs' Original Work.

7. On September 24, 2017, Defendant CBS distributed the Infringing Work, entitled "Star Trek: Discovery" Though certain aspects of the Original Work were deliberately changed

4

in an attempt to obfuscate the origin of the Infringing Work, the salient aspects of the Original Work shine through.

8. The substantially similar and infringing aspects of the Infringing Work are as follows:

   a. The Infringing Work centers around a larva-like creature, larger than the size of a person, with eight appendages, shown in many scenes with a blue hue; and has the ability to navigate space travel. This creature was nicknamed ripper and subsequently dubbed a giant space tardigrade.

   b. The Infringing Work also concentrates a homosexual relationship between two male main characters, a white male with blonde hair whom resembles an albino with a dark complexion male with side burns, mustache and beard.

   c. The Infringing Work also concentrates on a main character who was accused and convicted of treason.

   d. Also the Infringing Work has significant focus in the Infringing Work is a blond white main character whom is an astromycologist, a space fungus expert.

   e. The Infringing Work also concentrates on a main character named Hugh Culber having dark complexion with black hair and a short-boxed beard, facial hair consisting of trimmed sideburns, mustache and a goatee.

   f. The Infringing Work also concentrates on a main character named Paul Stamets who is a blonde white male, and specializes as an astromycologist.

   g. The Infringing Work also concentrates on a main character named Michael Burnham which is a female of African descent and often depicted with messy curly hair.

   h. The Infringing Work also concentrates on a main character named Sylvia Tilly, a white female often depicted with flowing curly orange hair.

5

Thus, the Infringing Work features four characters, Michael Burnham, Hugh Culber, Paul Stamets and Sylvia Tilly; with significantly similar styling which include skin color, hair styling and facial hair, and sexual orientation in common with the Original Work.

    j. The Infringing Work also incorporates Egyptian styling and cultural practices in their fictional Klingon race, having a ship named sarcophagus, employing a death practice similar to mummification, having the mummy placed into decorated space sarcophagus, and having uniforms which resembles Egyptian breastplates which is an element from the Original Work.

    k. The Infringing Work depicts the tardigrade creature traveling in space without the aid of machinery which is taken directly from the Original Work.

    l. The Infringing Work depicts a scene where a main character is surrounded by a glowing blue light with scattered light particles which is taken directly from the Original Work.

    m. The Infringing Work features a main character, injecting himself with tardigrade DNA (absorbing the tardigrade into himself) and possessing its abilities which is from the Original Work.

9. Moreover, and as further evidence of the originality of Plaintiffs' Original Work and Defendants' infringement thereof, there currently are other depictions and narratives surrounding the science fiction space travel adventure, however, none focus on the use of tardigrades for space travel navigation only the Original Work. In fact, the tardigrade including its size and appearance in the Original Work was specifically created by the Plaintiff. Plaintiff's made up character of the tardigrade was also given the unique ability for space travel. This made up creature was willfully and maliciously copied and pasted into Defendant's television series.

6

## AS FOR A FIRST CAUSE OF ACTION

## (PRELIMINARY INJUNCTION)

1. Plaintiff restates and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

2. Plaintiff is the sole and lawful proprietor of all rights, title and interest in and to the copyrighted Original Work.

3. Defendants had access to the Original Work by virtue of the Original Work being published with hundreds of thousands of views.

4. Defendants, without Plaintiff's authorization, knowledge or consent, willfully infringed on Plaintiff's Original Work by causing to be written, produced, and broadcasted on live television and streamed via an on-demand streaming service, including without limitation DVD's, a derivative work entitled "Star Trek Discovery"-the Infringing Work--which is substantially similar to Plaintiff's Original Work.

5. Accordingly, Defendants have infringed Plaintiff's copyright in the Original Work in direct violation and contravention of 17 U.S.C. § 101 *et seq.* and 106 *et seq.*

6. Plaintiff will incur substantial and irreparable injury if Defendants' are allowed to continue their infringement of the Original Work pending the resolution of this action.

7. By reason of the foregoing, Plaintiff is entitled to a preliminary and permanent injunction pursuant to 17 U.S.C. § 502 enjoining and restraining Defendants from further infringement or broadcast of Plaintiff's copyrighted Original Work.

## AS AND FOR A SECOND CAUSE OF ACTION

## ACTUAL DAMAGES FOR COPYRIGHT INFRINGMENT

1. Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

2. Plaintiff is the sole and lawful proprietor of all rights, title and interest in and to the copyrighted Original Work.

3. Defendants had access to the Original Work by virtue of the Original Work being published with hundreds of thousands of views.

4. Defendants, without Plaintiff's authorization, knowledge or consent, willfully infringed on Plaintiff's Original Work by causing to be written, produced, and broadcasted on live television and streamed on an on-demand streaming service, including without limitation DVD's, a derivative work entitled "Star Trek Discovery"-the Infringing Work--which is substantially similar to Plaintiff's Original Work.

5. Accordingly, Defendants have infringed Plaintiffs' copyright in the Original Work in direct violation and contravention of 17 U.S.C. §§ 101 *et seq.* and 106 *et seq.*

6. By reason of the foregoing, Plaintiff is entitled to actual damages and profits pursuant to 17 U.S.C. § 504(b) in an amount to be determined at trial.

(STATUTORY DAMAGES FOR COPYRIGHT INFRINGEMENT)

1. Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

2. Plaintiff is the sole and lawful proprietor of all rights, title and interest in and to the copyrighted Original Work.

3. Defendants had access to the Original Work by virtue of the Original Work being published with hundreds of thousands of views.

4. Defendants, without Plaintiff's authorization, knowledge or consent, willfully infringed on Plaintiff's Original Work by causing to be written, produced, and broadcasted on live television and streamed on an on-demand streaming service, including without limitation, DVD's a derivative work entitled "Star Trek Discovery"-the Infringing Work--which is substantially similar to Plaintiff's Original Work.

5. Accordingly, Defendants have infringed Plaintiff's copyright in the Original Work in direct violation and contravention of 17 U.S.C. §§ 101 *et seq.* and 106 *et seq.*

6. By reason of the foregoing, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c)(1), in an amount not less than $750 or more than $30,000 per broadcast of the Infringing work as statutory damages and/or pursuant to 17 U.S.C. §504(c)(2), the sum of $150,000 per broadcast of the Infringing Work as additional statutory damages pursuant to 17 U.S.C. §504(c)(2).

AS FOR A FOURTH CAUSE OF ACTION

(ATTORNEY'S FEES AND COSTS)

1. Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

2. Plaintiff is the sole and lawful proprietor of all rights, title and interest in and to the copyrighted Original Work.

3. Defendants had access to the Original Work by virtue of the Original Work being published with hundreds of thousands of views.

4. Defendants, without Plaintiffs' authorization, knowledge or consent, willfully infringed on Plaintiffs' Original Work by causing to be written, produced, and broadcasted on live television and streamed on an on-demand streaming service, including without limitation DVD's a derivative work entitled "Star Trek Discovery"-the Infringing Work--which is substantially similar to Plaintiff's Original Work.

5. Accordingly, Defendants have infringed Plaintiff's copyright in the Original Work in direct violation and contravention of 17 U.S.C. §§ 101 *et seq.* and 106 *et seq.*

6. By reason of the foregoing, Plaintiff respectfully requests the recovery of all costs as well as, attorneys' fees in connection with the prosecution of this case pursuant to 17 U.S.C. § 505.

## AS FOR A FIFTH CAUSE OF ACTION
## (CONSTRUCTIVE TRUST)

1. Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

2. By virtue of their wrongful conduct, Defendants have illegally received money and profits that rightfully belong to Plaintiff.

3. Defendants hold the illegally received money and profits in the form of bank accounts, real property or personal property that can be located and traced.

4. Defendants hold the money and profits that they have illegally received as constructive trustees for the benefit of Plaintiff.

10

(ACCOUNTING)

1. Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

2. Pursuant to 17 U.S.C. § 504, Plaintiff is entitled to recover all of Defendants' profits attributable to their acts of infringement.

3. Pursuant to 17 U.S.C. § 504, Plaintiff is entitled to recover actual damages sustained by virtue of Defendants' acts of infringement.

4. The amount of money due from Defendants is presently unknown to Plaintiff and cannot be ascertained without a detailed accounting by Defendants of all profits obtained from their marketing, distribution, national television broadcasting and/or streaming of the Infringing Work.

**WHEREFORE**, the Plaintiff respectfully request this Court to enter a judgment against the Defendants for their willful, malicious, writing, producing, and broadcasting on live television and streamed on an on-demand streaming service, including without limitation, DVD's a derivative work entitled "Star Trek Discovery"- the Infringing Work-which is substantially similar to Plaintiffs' Original Work which resulted in, and continues to result in, injuries to Plaintiff. Accordingly, Plaintiff respectfully requests that this Court:

a. Issue a preliminary and permanent injunction against the Defendants, and all others in active concert or participation with Defendants, from further broadcast of the Infringing Work or other infringement of Plaintiff's protected copyrighted Original Work;

b. Order the Defendants to recall and destroy all copies of the Infringing Work or any other derivatives of Plaintiff's Original Work, in whatever form they may exist;

c. Order Defendants to pay Plaintiff an amount to be determined at trial in actual damages and profits, plus interest, pursuant to 17 U.S.C. §504(b), the exact amount to be determined at trial;

d. Order Defendants to pay Plaintiff not less than $750 or more than $30,000 per broadcast of the Infringing work as damages pursuant to 17 U.S.C. §504(c)(1);

e. Order Defendants to pay Plaintiff the sum of $150,000 per broadcast of the Infringing Work as additional statutory damages pursuant to 17 U.S.C. §504(c)(2);

f. Order Defendants to pay Plaintiff both the costs of this action and the reasonable attorneys' fees incurred by Plaintiff in prosecuting this action pursuant to 17 U.S.C. §505

g. Order the imposition of a constructive trust over Defendants' profits which resulted from their infringement of Plaintiffs' Original Work;

h. Order that Defendants provide Plaintiff a full and complete accounting of all profits obtained from their marketing, distribution, streaming and national television broadcasting and/or any other sales of the Infringing Work and any other amounts due and owing to Plaintiff as a result of Defendants' infringement; and

i. Grant Plaintiff such other and additional relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands that this proceeding be tried to a jury.

Dated: 8/14/18

By: _____

12

## VERIFICATION

**STATE OF** Kuwait / City of Kuwait / Embassy of the United States
**COUNTY OF** of America )ss:

I, ANAS OSAMA IBRAHIM ABDIN, am the named Plaintiff in the foregoing action. I have read the Verified Complaint and know its contents. I am informed and believe, and on that ground allege, that the factual matters stated therein are true. The matters stated are true to my own knowledge, except as to those matters that are stated on information and belief, and as to those matters, I believe them to be true.

*[signature]*

Sworn to before me this ___ day

Of __14 AUG 2018__

*[signature]*
Kristina Kimbrough
Consular Associate
United States of America