UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X    Case No.:1:18-CV-07543 NRB

ANAS OSAMA IBRAHIM ABDIN

Plaintiff,

-against-

CBS BROADCASTING, INC and/or CBS CORP.
and/or CBS INTERACTIVE, INC.                                    SECOND AMENDED
Netflix, Inc.                                                  VERIFIED COMPLAINT
                                                               JURY TRIAL DEMANDED
Defendants.
----------------------------------------------------------------X

      Plaintiff, ANAS OSAMA IBRAHIM ABDIN, through his attorneys, JOHN JOHNSON,

Esq. and ALLAN CHAN, Esq. complaining of the defendants, CBS Broadcasting, Inc. CBS

CORP., and/or Netflix, Inc., upon information and belief sets forth and alleges as follows:


NATURE OF CLAIMS

      1. Plaintiff commences the instant action seeking damages and a permanent injunction

due to defendants' infringement of plaintiffs duly copyrighted work which is composed of text,

artwork and video hereinafter ("the Original Work"). Plaintiff's final compellation of works was

published in 2017. Plaintiff's Original Work actually became available to the public via

worldwide web, back in 2014. Plaintiff holds a 2017 copyright in said works Registration

Number TX0008559280 as well as, any subsequent filings, if any. (Exhibit "A"). Plaintiff filed a

prior 2015 copyright, which is not the subject of this action. Additionally, plaintiff being a

resident of Kuwait plaintiff received copyright protection in said works via the Berne

Convention, Universal Copyright Convention and/or Visual Artists Rights Act.

      2. Plaintiff seeks damages arising from the defendant's infringement of plaintiff's

copyrighted works as well as, other damages a delineated herein. The defendants are all active

participants in the misappropriation of the plaintiff's work by including without limitation,

writing, ... broadcasting said Document 26 Filed 11/01/18 Page 8 of 16 work and continuing such infringement by creating a derivative work substantially similar to plaintiff's copyrighted work. The defendants incorporated plaintiff's copyrighted material in their work entitled "STAR TREK DISCOVERY" which was first broadcast by the defendants on September 24, 2017 (the "infringing work"). The infringement continued in subsequent broadcasts when defendant's incorporated plaintiff's work into a new character which continues to appear in episode after episode to this day.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C.§ 1331, 1338 and 1367(a) as they arise under the Copyright Act, 17 U.S.C.§ 101 et seq. (the "Act") and pursuant to the principals of Supplemental Jurisdiction and/or Extra-Territorial Jurisdiction of this Court.

4. Additionally, this Court has jurisdiction pursuant to §1332 in that plaintiff is a citizen of Egypt and the defendants are U.S. corporations operating from headquarters in New York City, and the case and controversy exceeds $75,000.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 et seq., 1400(a) in that the defendants operate corporate headquarters, sign contracts and make corporate decisions regarding the infringing property within the jurisdiction of the Southern District of New York, resulting in continuous and systematic activity in New York. Said headquarters are principal places of business for the defendants.

## THE PARTIES

6. Plaintiff, Anas Osama Ibrahim Abdin (hereinafter "Abdin") is a citizen of the Republic of Egypt and a resident of the State of Kuwait having an address of P.O. Box 5969 Safat 13060, Kuwait.

7. Defendant CBS Broadcasting Inc. (hereinafter "CBS") is a New York corporation with a principal place of business at 51 West 52nd Street, New York N.Y. and is the executive producer/producer of the infringing work, and responsible for the broadcast and/or streaming of the infringing work. At all relevant times CBS transacted and conducted business within the State of New York.

8. Defendant CBS Corp. a/k/a CBS Corporation is a Delaware corporation with its principal place of business at 51 West 52nd Street, New York, N.Y. it is the parent company which exercises dominion and control over all CBS programming and any deals to license any such programming, including without limitation its wholly owned subsidiaries such as, CBS INTERACTIVE, INC.

9. Defendant Netflix, Inc., (hereinafter "Netflix") Purportedly licensed the infringing work and entered into a contract in the United States with the CBS defendants to stream the infringing work on line internationally, while defendants CBS maintained all rights to stream or broadcast in the U.S. Netflix operates corporate offices within the State of New York at 245 West 17th Street New York, NY and continues to make the infringing work available internationally. By their acting in concert Netflix engages in systematic and continuous acts which bear a substantial relationship to the copyright infringement. The international streaming of the infringing work(s) is derived from the licensing agreement entered into in the United States and purported second-generation copies of the work are derived from a U.S. master copy. It is through the CBS defendants, and the interlocking agreements between the parties that allows Netflix to market and distribute the infringing work worldwide.

10. Between May of 2014 and July of 2017, Plaintiff completed and published several forum articles, artwork, and videos for a science fiction manuscript for an upcoming video game/game storyboard. While some of the content in these articles was factual, some portions of the article were changed or embellished by Plaintiff. Plaintiff published these articles in Adventure Game Studio Forums, Anas-tronaut Blog, You Tube, Steam Games, and Reddit between May of 2014 and July of 2017 ("the Original Work").

11. Adventure Game Studio Forum (hereinafter "AGS") is a popular widely disseminated on line gaming forum with an estimated one million guests and users. Plaintiff's Original Works and the copyrighted work were available for viewing, playing and/or exposed to the AGS participants twenty-four hours a day, seven days a week, including their family and friends. In addition, plaintiff's story board, including videos was distributed, and watched by fans on YOUTUBE (last six months 28.88 billion visits) and REDDIT (total last six months Reddit visits 1.49 Billion) exposing the game, storyboard and artwork to millions more. Upon information and belief, the defendants accessed the plaintiff's widely distributed works.

12. Plaintiff is the sole and lawful proprietor of all rights, title and interest in and to the copyrighted Original Work included within the story boards.

13. The substantial, salient and original aspects of the Original Work, copyrightable under the Act and the laws of the United States, and/or the Berne Convention are as follows: The Original Work centers around a novel science fiction story centered on space travel facilitated by a fictitious larva- like creature with eight appendages, a multitude of teeth, sized larger than a human being, depicted with a blue hue, labeled the "Tardigrade". The Original Work features a tardigrade with super powers, these powers focused around space travel especially at exhilarating or instantaneous speeds. An essential element of the game, storyboard and artwork include the tardigrade featured floating in space, then moving through space at great

4

distances instantaneously.  The Original Work was in fact eventually named Tardigrade. See

generally, steamcommunity .com which has millions of views per day.

14. Plaintiff's Tardigrade and its abilities from the Tardigrades game, artwork and storyboard

compared with the tardigrade character from the defendants' series are strikingly and/or

substantially similar. Additionally, prior to plaintiff's Original Work being exposed to

millions on line, no other Star Trek series featured a single tardigrade being used for space

travel or to power a space ship.

15. In subsequent episodes of Star Trek Discovery, the defendants began using the

tardigrades' DNA which was injected into a crew member as the means to navigate their

spaceship.  This change thereby creates a derivative work since it was based upon plaintiff's

Original Work.  Additionally, the "chamber" in which this injection of tardigrade DNA takes

place, is also strikingly and/or substantially similar to the plaintiff Original Work. (see

Exhibit "B" for examples of the similarities.).  This type of fictional space travel based on

tardigrade instantaneous travel is utilized as integral to the plot of each and every episode of

the infringing work.  This fact is borne out in an article in "ScreenRant" magazine in which

the author states that "[the] "introduction of a new alien species that is rather unlike anything

seen before in Star Trek". See also, Exhibit ("C").  Articles from Popular Mechanics, and TV

Line. Touting the importance of the Tardigrade to the Discovery series.  (Exhibit "D").

16. The Original Work features a main character being absorbed into the tardigrade,

becoming one with the tardigrade, and having the tardigrades' abnormal powers.

17.  Plaintiff's Original Work revolves around a gay relationship between two male

homosexual main characters, one is depicted in the game storyboard and artwork as an albino

male with a dark complexion male with side burns, mustache, and beard. Concomitantly, the

defendant's series include the exact same characters with striking/substantial similarity.

Advocate magazine which is widely disseminated within the LGBTQ community states that

the defendants made history by introducing an openly gay couple into the Star Trek universe. (Exhibit "E"). This concept is a major part of the defendant's series and is a also major part of the Original Work. Entertainment Weekly also touts the brilliance of the defendant's infringement by the first introduction of such a couple in its 51-year history. Indy Wire states that "Star Trek did not bury its gays". Again, this storyline was introduced in the Original Work

18. The Original Work features uniforms which delineate status rank etc., again defendant's infringement includes uniforms which are strikingly/substantially similar to the Original Work. Heretofore, the Star Trek series has not used any uniform styled, or colored in this manner, until plaintiff's Original Work was published. In fact, the Infringing Work's uniforms are a total departure from prior Star Trek uniforms and represents copying of the Original Work. Other substantially similar characteristics include.

 a.  The Original Work also concentrates on a main character Blonde White Male with similar characteristics as the infringing work, who is a space botanist, person who specializes in space plants. The Defendant focuses on a main character who is a science officer with an expertise in astromycology. This fictious word is defined by the defendant as the study of "space mushrooms" which is substantially similar to the Original Work.

 b.  The Original Work features fictional character named Aziz, a darker complexion homosexual male with black hair and a short- boxed beard, facial hair consisting of trimmed sideburns, mustache and a goatee.

 c.  The Original Work features fictional character named Carter, who is a blonde white male, who is a space botanist.

 d.  The Original Work features fictional character named Yolanda, a female of African descent with messy curly hair.

6

e.  The Original Work features fictional character named Natasha, a white female with orange curly hair.

f.  The Original Work features Egyptian cultural influence and elements specifically throughout the series.  The Original Work features an Egyptian spaceship that emits signals in the form of light beams called "The Emitter".  Defendant's first episode includes a spaceship called the Sarcophagus surrounded with Egyptian like coffins which emitted light signals.  The defendant's Michael Burnham character during one scene called the light beam from the Sarcophagus a "signal emitter".

g.  The Original Work features a scene of the tardigrade traveling through space unaided by any external technologies.

h.  The Original Work features a scene with imagery of Carter, a blond White Male space botanist surrounded by a glowing blue light with scattered White light particles. The only human character in defendant's work, Paul Stamets, a blonde White Male astromycologist navigated space within a chamber surrounded by glowing blue light with scattered White light particles.

i.  The Original Work features a scene with imagery of a character traveling within an astro-plain environment, appearing as space with stars, having echoes of said person trailing himself.  The defendant's work features a substantially similar scene wherein there is background of a space like astro-plain, with a main character seemingly traveling with trails of themselves behind them.

19. Again, the Original Work features physical details, abilities, and functionality of tardigrades that have not been published or utilized by anyone else until the copying by the infringing work.  The appearance, color, size and abilities are essential elements lifted from the original work which are now essential elements of the Infringing Work. (Exhibit "C/D").

7

The Characters of the Original Work also are strikingly/substantially similar to the infringing work in both physical details and functionality.

20. There are fictional characters, aesthetics and re-worked narratives that are unique to the Original Work that appear in the Infringing Work. The infringing work captures the total concept and feel, as well as, the artwork, and characters. These characteristics have never been used in the Star Trek series or films, and the basis for their inclusion now, is due to the infringement of the defendants.

21. Plaintiff's Original Work was made available to the public since 2014 via various gaming portals, as previously asserted, and including without limitation discussion of this fact can be had at http://anas-tronaut.blogspot.com.

22. News of the defendant's infringement was highly publicized on the internet. One such article highlighting the plagiarism of plaintiff's game, at "Rock Paper Shotgun" was published very close to the time of the defendant's release of Star Trek Discovery. Rock Paper Shotgun has approximately 14,000,000 visits to their site. Purportedly said article prompted the Vice President of Legal Affairs to contact plaintiff. (Exhibit "F ").

23. Plaintiff's counsel discussed the matter with the CBS attorney. This discussion was not for any settlement purpose. The call was wholly designed to discourage the plaintiff from taking legal action for infringement. Plaintiff was told that his Original Work was safe, CBS would not sue him for infringement! Such an unethical and subtle threat demonstrates the level to which the defendants were willing to descend. The threat not to sue was made notwithstanding, the fact that plaintiff's game, artwork and storyboard had been widely disseminated prior to the conception and/or airing of the infringing work. The conversation ended with an assurance of a second call which never transpired.

24. Plaintiff created the Original Works by working from a story board which he created. Plaintiff created all the art work and/or designs, concepts and storylines prior to Star Trek

8

Discovery and posted this Original Work on the internet.    As outlined herein defendants infringed inter alia, plaintiff's artwork and/or video's violating additionally his Moral/ VARA rights in said works.

25. In addition. the defendants violated the plaintiff's rights of disclosure, attribution and/or integrity

## AS FOR A FIRST CAUSE OF ACTION

### (PERMANENT INJUNCTION)

26. Plaintiff restates and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

27. Plaintiff is the sole and lawful proprietor of all rights, title and interest in and to the copyrighted Original Work.

28. Defendants had access to the Original Work by virtue of the Original Work being published with millions of views.

29. Defendants, without Plaintiff's authorization, knowledge or consent, willfully infringed on Plaintiff's Original Work by causing to be written, produced, and broadcasted on live television and streamed via an on-demand streaming service, including without limitation DVD's, a derivative work entitled "Star Trek Discovery"- the Infringing Work--which is substantially similar to Plaintiff's Original Work.

30. Accordingly, Defendants have infringed Plaintiff's copyright in the Original Work in direct violation and contravention of 17 U.S.C. § 101 *et seq.* and 106 *et seq.,* including without limitation VARA and/or the Berne Convention.  Plaintiff seeks impoundment of all copies of the Star Trek Discovery series, and seeks to bar defendants from infringing on defendant's' right to license said series.

9

31. Plaintiff will incur substantial and irreparable injury if Defendants' are allowed to continue their infringement of the Original Work pending the resolution of this action.

32. By reason of the foregoing, Plaintiff is entitled to a permanent injunction pursuant to 17 U.S.C. § 502 enjoining and restraining Defendants from further infringement or broadcast of Plaintiff's copyrighted Original Work.

## AS AND FOR A SECOND CAUSE OF ACTION
## ACTUAL DAMAGES FOR COPYRIGHT INFRINGMENT

33.Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

34. Plaintiff is the sole and lawful proprietor of all rights, title and interest in and to the copyrighted Original Work.

35. Defendants had access to the Original Work by virtue of the Original Work being published with millions of views.

36. Defendants, without Plaintiff's authorization, knowledge or consent, willfully infringed on Plaintiff's Original Work by causing to be written, produced, and broadcasted on live television and streamed on an on-demand streaming service, including without limitation DVD's, a derivative work entitled "Star Trek Discovery"-the Infringing Work--which is substantially similar to Plaintiff's Original Work.

37. Accordingly, Defendants have infringed Plaintiffs' copyright in the Original Work in direct violation and contravention of 17 U.S.C. §§ 101 *et seq.* and 106 *et seq.*

38. By reason of the foregoing, Plaintiff is entitled to actual damages and profits pursuant to 17 U.S.C. § 504(b) and/or VARA in an amount to be determined at trial.

(STATUTORY DAMAGES FOR COPYRIGHT INFRINGEMENT)

39. Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

40. Plaintiff is the sole and lawful proprietor of all rights, title and interest in and to the copyrighted Original Work.

41. Defendants had access to the Original Work by virtue of the Original Work being published with hundreds of thousands of views.

42. Defendants, without Plaintiff's authorization, knowledge or consent, willfully infringed on Plaintiff's Original Work by causing to be written, produced, and broadcasted on live television and streamed on an on-demand streaming service, including without limitation, DVD's a derivative work entitled "Star Trek Discovery"-the Infringing Work--which is substantially similar to Plaintiff's Original Work.

43. Accordingly, Defendants have infringed Plaintiff's copyright in the Original Work in direct violation and contravention of 17 U.S.C. §§ 101 *et seq.* and 106 *et seq.*

44. By reason of the foregoing, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c)(1), in an amount not less than $750 or more than $30,000 per broadcast of the Infringing work as statutory damages and/or pursuant to 17 U.S.C. §504(c)(2), the sum of $150,000 per broadcast of the Infringing Work as additional statutory damages pursuant to 17 U.S.C. §504(c)(2).

45. Additionally, plaintiff is entitled to statutory damages by virtue of defendant's violation of plaintiff's moral rights pursuant to the Berne Convention and/or Visual Artists Rights Act ("VARA").

AS FOR A FOURTH CAUSE OF ACTION

(ATTORNEY'S FEES AND COSTS)

46. Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

47. Plaintiff is the sole and lawful proprietor of all rights, title and interest in and to the copyrighted Original Work.

48. Defendants had access to the Original Work by virtue of the Original Work being published with hundreds of thousands of views.

49. Defendants, without Plaintiffs' authorization, knowledge or consent, willfully infringed on Plaintiffs' Original Work by causing to be written, produced, and broadcasted on live television and streamed on an on-demand streaming service, including without limitation DVD's a derivative work entitled "Star Trek Discovery"-the Infringing Work--which is substantially similar to Plaintiff's Original Work.

50. Accordingly, Defendants have infringed Plaintiff's copyright in the Original Work in direct violation and contravention of 17 U.S.C. §§ 101 *et seq.* and 106 *et seq.*

51. Additionally, plaintiff is entitled to attorney's fees by virtue of the defendant's violation of plaintiff's moral rights pursuant to the Berne Convention.

52. By reason of the foregoing, Plaintiff respectfully requests the recovery of all costs as well as, attorneys' fees in connection with the prosecution of this case pursuant to 17 U.S.C. § 505, the Berne Convention and/or VARA .

(CONSTRUCTIVE TRUST)

52. Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

53. By virtue of their wrongful conduct, Defendants have illegally received money and profits that rightfully belong to Plaintiff.

54. Defendants hold the illegally received money and profits in the form of bank accounts, real property or personal property that can be located and traced.

55. Defendants hold the money and profits that they have illegally received as constructive trustees for the benefit of Plaintiff.

## AS FOR A SIXTH CAUSE OF ACTION

(ACCOUNTING)

56. Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

57. Pursuant to 17 U.S.C. § 504, Plaintiff is entitled to recover all of Defendants' profits attributable to their acts of infringement.

58. Pursuant to 17 U.S.C. § 504, Plaintiff is entitled to recover actual damages sustained by virtue of Defendants' acts of infringement.

59. The amount of money due from Defendants is presently unknown to Plaintiff and cannot be ascertained without a detailed accounting by Defendants of all profits obtained from their marketing, distribution, national television broadcasting and/or streaming of the Infringing Work.

**WHEREFORE**, the Plaintiff respectfully request this Court to enter a judgment against the Defendants for their willful, malicious, writing, producing, and broadcasting on live television and streamed on an on-demand streaming service, including without limitation, DVD's a derivative work entitled "Star Trek Discovery"- the Infringing Work-which is substantially similar to Plaintiffs' Original Work which resulted in, and continues to result in, injuries to Plaintiff. Accordingly, Plaintiff respectfully requests that this Court:

a.  Issue permanent injunction against the Defendants, and all others in active concert or participation with Defendants, from further broadcast/streaming of the Infringing Work or other infringement of Plaintiff's protected copyrighted Original Work;

b.  Order the Defendants to recall and destroy all copies of the Infringing Work or any other derivatives of Plaintiff's Original Work, in whatever form they may exist;

c.  Order Defendants to pay Plaintiff an amount to be determined at trial in actual damages and profits, plus interest, pursuant to 17 U.S.C. §504(b) and/or VARA, the exact amount to be determined at trial;

d.  Order Defendants to pay Plaintiff not less than $750 or more than $30,000 per broadcast of the Infringing work as damages pursuant to 17 U.S.C. §504(c)(1);

e.  Order Defendants to pay Plaintiff the sum of $150,000 per broadcast of the Infringing Work as additional statutory damages pursuant to 17 U.S.C. §504(c)(2) or such other amount(s) pursuant to the violation of plaintiff's rights pursuant to VARA;

f.  Order Defendants to pay Plaintiff both the costs of this action and the reasonable attorneys' fees incurred by Plaintiff in prosecuting this action pursuant to 17 U.S.C. §505 and/or VARA;

g.  Order the imposition of a constructive trust over Defendants' profits which resulted from their infringement of Plaintiffs' Original Work;

h.     Order that Defendants provide Plaintiff a full and complete accounting of all profits

obtained from their marketing, distribution, streaming and national television broadcasting

and/or any other sales of the Infringing Work and any other amounts due and owing to

Plaintiff as a result of Defendants' infringement; and

i.     Grant Plaintiff such other and additional relief as the Court deems just and proper.


## JURY DEMAND


Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands

that this proceeding be tried to a jury.

Dated: 10/16/2018

By: */s/ John Johnson* _____

John Johnson 4170
25 Broadway, 9th Floor
New York, New York 10004
(212) 566-3019

By:/s/ Allan Chan 4248
30 Wall Street, 8th Floor
New York, New York 10005
212-561-5490

## VERIFICATION

**STATE OF** ___Kuwait___
City of Kuwait
~~Embassy of the United States~~
of America
**COUNTY OF** _____ )ss:

I, ANAS OSAMA IBRAHIM ABDIN, am the named Plaintiff in the foregoing action. I have

read the Verified Complaint and know its contents. I am informed and believe, and on that

ground allege, that the factual matters stated therein are true. The matters stated are true to my

own knowledge, except as to those matters that are stated on information and belief, and as to

those matters, I believe them to be true.


Sworn to before me this 21st day

Of ___October '18___

_Kristina Kimbrough_
Consular Associate
United States of America