USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/4/2019

LAW OFFICES OF
# JOHN JOHNSON & ASSOCIATES
ATTORNEYS AT LAW

___

25 Broadway, 9th Floor

New York, New York 10004

212.566.3019

February 27, 2019

Honorable Lorna G. Schofield

United States District Court

Southern District of New York

40 Foley Square

New York, NY 10007

Via Electronic Filing

> Application GRANTED. This request does not comply with the Court's Individual Rule III.C.3 -- specifically, "[a]ny party wishing to raise a discovery dispute with the Court first shall confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute."  The parties shall speak live (by telephone or in person) and confer in good faith, in person or by telephone, no later than March 6, 2019, in an effort to resolve this dispute.  If it is not resolved, Defendants shall file a letter response (in compliance with the Court's individual rules) by March 8, 2019.  A conference will be held on March 12, 2019, at 10:30.
> Dated: March 4, 2019
>         New York, New York
>
> *[signature]*
> **LORNA G. SCHOFIELD**
> **UNITED STATES DISTRICT JUDGE**

Re: ANAS OSAMA IBRAHIM ABDIN V. CBS et al

Civil Case No. 1:18-CV-07543 NRB

Honorable Judge Schofield:

Plaintiff <u>seeks to file a motion to compel discovery in this matter</u>. and respectfully submits this Letter Motion in accordance with the Rules of the Court.  On January 8, 2019, the Court granted plaintiff limited discovery in the instant matter.  Discovery is set to end on or about March 19, 2019.  On January 25, 2019 plaintiff submitted discovery requests for the production of documents and a short request for interrogatories.  Mr. Chan, co-counsel in this matter subsequently sent an email to defendant's counsel asking how discovery was coming along.  We received no response.  A short time thereafter, I sent a follow up email.  I then spoke with counsel,

to make sure that if there are any issues with the request that they could be resolved without court intervention.

Our discussion centered on a Subpoena which we drafted and was submitted to counsel prior to being served on Valve, the owners of Steam. The information in the subpoena, and the discovery request are essentially the same. Defendant's counsel and I thoroughly discussed what he considered to be overly broad in our requests and the subpoena. Plaintiff agreed to narrow the scope of the discovery, and defendant's counsel informed us that he did not have any objection to the now narrowed request.

Approximately a week before the defendant's 30-day response time of February 25, 2019, I sent another email to defendant's counsel asking if there were any issues outstanding regarding the narrowed requests. I sent this email to make sure that plaintiff would receive some, if not all requested discovery on February 25, 2019. I received a response essentially stating the defendants intend to comply with our discovery requests by the deadline. (attached hereto).  I initiated this discussion again, to resolve any discovery issues between the parties before the due date of February 25, 2019.   On February 25, 2019, the defendants informed us that they would file objections.

Plaintiff has received nothing. Defendants object to every request made. Defendants Objections other than being form objections, rely on the assertion that some of the production people are no longer employed by the defendant CBS. The defendants fail to provide the information requested for employees who are still employed by them. Plaintiff's discovery demands are brief, yet they are apparently overbroad. Plaintiff did ask for IP addresses which are ESI and can be retrieved via computer. This issue could have and should have been resolved so that plaintiff might at a minimum, obtain the relevant information of those still employed by

defendant. Based on the blatant refusal to comply, plaintiff seeks an extension of the discovery deadline if the Court so permits.

FRCP 26, the local rules and case law require that the attorneys act in good faith to resolve any discovery disputes. Plaintiff has made a good faith effort to resolve any such disputes, the defendants have not. In my humble opinion, there is no need to play such games. I have attached a copy of the discovery requests hereto. Plaintiff seeks to resolve this matter without unnecessary motion practice. The final limited discovery deadline is less than a month away. Therefore, we respectfully seek the Court's help in resolving this matter, or permission to file a motion to compel discovery.

Respectfully,

/s/John Johnson