USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/11/2019



**WOOK HWANG**
Partner

345 Park Avenue
New York, NY  10154

**Direct**  212.407.4035
**Main**   212.407.4000
**Fax**    212.937.3847
whwang@loeb.com

Via ECF

Application GRANTED.  The March 12, 2019, conference is canceled.

Dated: March 11, 2019
New York, New York

*[signature]*
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

March 8, 2019

Honorable Lorna G. Schofield
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   <u>Anas Osama Ibrahim Abdin v. CBS Broadcasting Inc. et al.</u>, No. 1:18-cv-07543-LGS

Dear Judge Schofield:

We represent Defendants CBS Broadcasting Inc., CBS Interactive Inc., CBS Corporation and Netflix, Inc. in the above-referenced action.  In accordance with the Court's March 4, 2019 Order (DE 61), we write in response to Plaintiffs' letter filed on March 1, 2019 (DE 60) to address certain of the representations made therein.  We write further to advise the Court that, for the time being, the issues raised by Plaintiff's letter appear to have been resolved and, on the consent of Plaintiff's counsel, to jointly request that the March 12, 2019 conference therefore be taken off the calendar or adjourned to a later date.

Plaintiff's March 1 letter makes a number of representations that do not accurately reflect what has transpired to date concerning the limited discovery the Court has allowed to proceed. Pursuant to the Civil Case Management Plan and Scheduling Order entered in this action (DE 47), discovery is limited to the "issue of whether Defendants accessed or viewed Plaintiff's work on the [Steam] website and any action or activity with respect to that viewing, including voting." (<u>Id.</u> ¶ 8).  Plaintiff has, however, served discovery demands (<u>Exhibit A</u>) that go far beyond this scope.  These demands – which include 12 separate document demands and 22 separate interrogatories – are also not, as Plaintiff's counsel states, "essentially the same" as the subpoena served on Valve (the apparent owner of the Steam website), but far broader.

In subsequent meet-and-confer correspondence, the parties agreed that, in accordance with the limited scope of permitted discovery, Defendants would produce "information concerning access to Mr. Abdin's Steam posts by the individuals involved in the introduction of the tardigrade character in Star Trek."  (<u>Exhibit B</u> (Feb. 20, 2019 emails among counsel)).  In accordance with that agreement, Defendants' served responses to Plaintiff's discovery demands (<u>id.</u>) that, while preserving Defendants' objections, stated in relevant part:

> As discussed during the parties' prior meet-and-confer discussions and correspondence, upon the conclusion of [Defendants'] investigation, and by no later than March 19, 2019 [the Court-ordered deadline], Defendants will produce information concerning any access to or viewing of Plaintiff's work on the Steam

Los Angeles   New York   Chicago   Nashville   Washington, DC   San Francisco   Beijing   Hong Kong   www.loeb.com

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.

17473736
206091-10016

    LOEB & LOEB LLP

website by the individuals involved in the introduction or development of the tardigrade character in the Series, as well as the activity by such individuals, if any, with respect to such access or viewing.

Far from asserting a blanket objection, as Plaintiffs' letter suggests, Defendants have thus agreed to produce information and materials falling within the scope of the permitted discovery.

Defendants have no hesitation in providing this information to Plaintiff, and have also interposed no objections to Plaintiff's subpoena on Valve. There is no "gamesmanship." We believe that this information is legally irrelevant for the reasons set forth in Defendants' motion to dismiss and because, irrespective of any access to Plaintiff's game, Defendants' independently created the allegedly infringing tardigrade elements of the *Star Trek: Discovery* series well before Plaintiff posted the video upon which this action is based (a factual issue not raised on Defendants' motion). But, in all events, Defendants have every intention of complying with the Court's directive, as the parties' correspondence and Defendants' discovery responses show. The factual investigation necessary to do so has taken considerable time because of the number of individuals involved, and because some of the individuals involved in the relevant episodes of the series are no longer associated with the show nor otherwise within Defendants' control. We have nonetheless endeavored to contact these individuals as well in good faith, and continue to do so to the extent we have not previously been able to reach them.

Defendants have begun their production of materials falling within the scope of the permitted discovery. The parties thus agree that, at this time, the apparent dispute has been resolved.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Wook Hwang*

Wook Hwang
Partner

cc: Plaintiff's counsel (via ECF)